[No. 14740.   Department One. — December 9, 1892.]

JOSEPHINE REBUT ET AL., RESPONDENTS, v. LE-
GION OF THE WEST, APPELLANT.

ENDOWMENT ASSOCIATION — SPECIAL BENEFIT FUND — PLEADING — INSUF-
FICIENT COMPLAINT. — A complaint against an unincorporated endowment
association, composed of a large number of persons, which alleges that
the object of the association is the payment of endowments in the sum
of six hundred dollars at certain periods, until the aggregated payments
to each member amount to the sum of six thousand dollars, payable out
of a special benefit fund, composed of the proceeds of assessments and
fines levied upon the members, and accumulation of interest from in-
vestments, that the plaintiff, while a member of the association in good
standing, presented a coupon to the secretary of the association, which
provided that it "shall not exceed six hundred dollars, and shall not ma-
ture before the month of June in the year 1891," and that it would be
void if detached from a certificate annexed thereto, but that, upon pre-
sentment of the coupon, payment was refused, although there were ample
funds to pay it, but which fails to show how much, if anything, the
plaintiff had been paid in endowments, or that the plaintiff was entitled
to draw anything from the fund, or that any assessment had been made
to meet that particular demand, or whether the obligation has matured,
or how much, if anything, is due under the contract, does not state a
cause of action.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*F. William Reade,* for Appellant.

*Rogers & Chilstrom, J. T. Rogers,* and *Eugene N. Deu-
prey,* for Respondents.

PATERSON, J. — It is alleged in the complaint that the
defendant is a voluntary, unincorporated association of
a large number of persons, having for its object " the
payments of endowments in the sum of six hundred dol-
lars at certain periods, until the aggregated payments to
each member amount to the sum of six thousand dollars,"
said endowments to be paid out of a fund designated the
"Special Benefit Fund," which is composed of the "pro-
ceeds from assessments levied upon the members to meet
the payment of said endowment of six thousand dollars

as the same becomes due, and is also composed of fines levied for non-payment of said assessments, and the accumulation of interests derived from investments of said assessments when collected; that said assessments and fines are levied by said defendant upon its members"; that the plaintiff Josephine was admitted to membership in the association June 4, 1888, and has ever since been a member thereof in good standing. It is further alleged in the complaint that on the day the plaintiff became a member of the association, the defendant executed and delivered to plaintiff Josephine an instrument, of which the following is a copy:—

"No. 1879.      SPECIAL BENEFIT COUPON.      $600.

"This first coupon, issued by authority of the Grand Lodge, Legion of the West, shall not exceed six hundred dollars, and shall not mature before the month of June in the year 1891.   Void if detached from annexed certificate.            WILLIAM C. FLINT,

"E. D. FEUSIER,            Grand Commander.
"Grand Sec'y."

It is alleged that plaintiff Josephine was a member of the association in good standing on the fourth day of June, 1891, and on that day presented said coupon to the secretary of the association, and demanded payment thereof; that the defendant "then and there refused to make payment of said sum of six hundred dollars, provided for in said coupon; that at the time of said presentation of said demand there were ample funds and money in said 'Special Benefit Fund' to fully pay said sum of six hundred dollars, provided for in said coupon." The complaint concludes with a prayer for judgment against the defendant for the sum of six hundred dollars, with interest thereon, and costs of suit.

It is clear that the complaint does not state facts sufficient to constitute a cause of action, and that the judgment must be reversed.   It shows that the association consists of a very large number of persons, who are to be paid six hundred dollars each at certain periods,

until the sum paid to each amounts to six thousand dollars. There is nothing to show how much, if anything, the plaintiff has been paid by the defendant in endowments. It is alleged that there is money enough in the fund to pay the sum of six hundred dollars, but there is nothing to show that the plaintiff is entitled to draw any amount from that fund. It is not shown that any assessment has ever been made to meet this particular demand. The amount of funds on hand may be necessary for the payment of superior obligations to other members. There is not even an allegation that the amount claimed has not been paid, the only attempt to allege the same being the statement that the defendant refused to make payment at the time the demand was made.

The written instrument set forth in the complaint does not show that the plaintiff is entitled to receive anything from the defendant. It is apparent that it is only a part of a contract, the terms of which are not set forth, and is "void if detached from annexed certificate." It shows that in any event the obligation shall not mature before the "month of June in the year 1891," and shall not *exceed* six hundred dollars. Whether the obligation therein referred to, or any part thereof, has matured, and how much, if anything, is due under the contract, is not alleged.

In addition to the appeal from the judgment, there is an appeal from an order of the court refusing to vacate and set aside the judgment entered against the defendant after default. In view of the fact that the judgment itself must be reversed, it is unnecessary to consider the merits of the appeal from the order referred to, as a reversal carries with it all the relief sought by the defendant on his motion to vacate.

Judgment reversed, with directions to the court below to allow the plaintiffs to amend their complaint.

HARRISON, J., and GAROUTTE, J., concurred.